IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SEAN JAQUANTE STROUT, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-4859 |
| | § | |
| SARGENT FNU SMITH, | § | |
| | § | |
| *Defendant.* | § | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, a Harris County pretrial detainee awaiting trial on murder charges, filed this section 1983 lawsuit against "Sargent Smith." He proceeds *pro se* and *in forma pauperis*. Plaintiff seeks monetary damages against Smith for pulling him out of bed after he twice refused to do so on his own.

Having considered the complaint, the record, and the applicable law, the Court **DISMISSES** this lawsuit for failure to state a viable claim upon which relief may be granted under section 1983, as explained below.

## I. BACKGROUND AND CLAIMS

Plaintiff complains that Sargent Smith entered his jail cell on or about December 16, 2018, and ordered plaintiff to get out of bed for "count." Plaintiff told Smith that he was not feeling well, and Smith ordered him to get up and go to the clinic. When plaintiff again refused to get out of bed, Smith pulled him out of bed. A second officer handcuffed plaintiff and the two officers then pulled plaintiff out of his cell and took him to the clinic. Plaintiff

states that he sustained "light bruising" on his hip from being pulled from bed, "redness" around his wrist from the handcuffs, and "stretching" of his under arm muscle. He seeks $100,000.00 for pain caused by Smith's "abusive authority."

## II.  ANALYSIS

### A.  Failure to Prosecute

The U.S. Marshals Service was unable to serve "Sargent Smith," as a Harris County Sheriff's Office database name search returned over one hundred employees named "FNU Smith." The database did not identify the employees by division. The Court ordered plaintiff to make good faith and reasonable efforts to obtain the defendant's full name, but after expiration of nearly ninety days, plaintiff has failed to respond to the Court's order or have any further communication with the Court. Consequently, this lawsuit is subject to dismissal for plaintiff's failure to prosecute or to comply with the Court's order.

Nevertheless, the Court will dismiss this lawsuit for failure to state a viable claim for relief under section 1983, as follows.

### B.  Failure to Exhaust

Under federal law, an inmate is required to exhaust administrative remedies for all actions brought with respect to prison conditions before filing a civil rights suit in federal court under section 1983. 42 U.S.C. § 1997e(a). The Supreme Court has repeatedly emphasized that section 1997e(a) mandates exhaustion of all administrative procedures before an inmate can file any suit challenging prison conditions. *See Jones v. Bock*, 549 U.S.

199, 216 (2007); *Woodford v. Ngo*, 548 U.S. 81, 83–84 (2006); *Booth v. Churner*, 532 U.S. 731, 739 (2001).

Although prisoners are not required to plead or demonstrate exhaustion in their section 1983 complaints, a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust. *Bock*, 549 U.S. at 212, 214–15 (holding that courts can dismiss for failure to state a claim when the existence of an affirmative defense, like a statute of limitations bar, is apparent from the face of the complaint). In the instant case, plaintiff's factual allegations make clear that he filed this lawsuit prior to even initiating applicable administrative grievance procedures.

The Harris County Jail provides an established grievance procedure for inmates and pretrial detainees to grieve their complaints. *See*, *e.g.*, *Lane v. Harris County Medical Dept.*, 266 F. App'x 315 (5th Cir. 2008). In his complaint, plaintiff states that the incident occurred on or about December 16, 2018, and that he requested an investigation of the incident through Internal Affairs. The Court notes that plaintiff signed his complaint on December 18, 2018, and mailed it to the Court barely two days after the incident. The Court takes judicial notice that established grievance procedures for the Harris County Jail cannot be exhausted within two days.[1] Plaintiff's admissions on the face of his complaint are sufficient

---

[1] *See Harris County Sheriff's Office Inmate Handbook*, 2013 Rev. Ed., pp. 6–7. Upon filing, an inmate's written grievance is investigated and, if not informally resolved, proceeds to a grievance board for a hearing with the inmate. The board will inform the inmate of its decision within fifteen days, at which time the inmate may pursue an appeal.

3

to allow the Court to dismiss without prejudice plaintiff's claims for failure to state a claim premised on failure to exhaust. *See Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) ("[A] court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust.").

Consequently, this lawsuit is **DISMISSED WITHOUT PREJUDICE** for plaintiff's failure to state a claim for relief premised on failure to exhaust administrative remedies.

C. Physical Injury

Further, plaintiff's factual allegations state no viable Fourteenth Amendment claim for which relief may be granted under section 1983.

It is well settled that the "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). The Eighth Amendment protects the safety of convicted prisoners, while due process under the Fourteenth Amendment protects pretrial detainees. *See Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). The proper analysis of each category of claims is the same, as our "Fourteenth Amendment case law concerning pretrial detainees [is based] on the Supreme Court's Eighth Amendment precedent concerning prisoners." *Garza v. City of Donna*, 922 F.3d 626, 634 (5th Cir. 2019).

In context of an allegation of the use of excessive force by a prison official, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id*. at 7. In determining whether

the use of force by a prison or jail officer was wanton and unnecessary, the court considers "the extent of [the] injury suffered," "the need for [the] application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.*

Here, plaintiff admitted that defendant Smith twice told him to get out of bed and that he twice refused to obey the order. When plaintiff refused to obey the second time, Smith pulled plaintiff out of bed and a second officer handcuffed him. The officers then pulled plaintiff out of his cell and took him to the jail clinic. Plaintiff alleges he sustained "light bruising" on his hip from being pulled from bed, "redness" around his wrist from the handcuffs, and "stretching" of his under arm muscle. Plaintiff does not state that he required or requested medical attention as to these physical complaints. Plaintiff's factual allegations show that Smith applied force in an effort to restore discipline and order in light of plaintiff's disobedience, and that the force used was reasonable and necessary under the circumstances. Given the reasonableness and necessity of Smith's actions, plaintiff's physical complaints were minor and did not give rise to a constitutional violation.

Consequently, this lawsuit is further **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted under section 1983.

### III. CONCLUSION

This lawsuit is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted under section 1983. Any and all pending motions are

**DISMISSED AS MOOT**. This dismissal constitutes a "strike" for purposes of section 1915(g).

The Clerk is directed to provide a copy of this order to plaintiff by regular mail and to the Manager of the Three-Strikes List for the Southern District of Texas by email at Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas, on this the _8th_ day of April, 2020.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE